Joseph E. Magnant
vs.                    Eq. No. 11092.
Wachenheimer Bros., Inc.

May 24, 1932.

CHURCHILL, J. Heard on confirmation of the report of a Special Master in the matter of the claim of Harry Wachenheimer.

Claim was made for interest on loans to the corporation and for salary and commissions. The Master allowed the interest item and disallowed the items of salary and commissions.

The disallowance was made on the ground that the claimant had waived his right to salary and commissions for the years 1929 and 1930 and that portion of 1931 which elapsed before the date of the filing of the petition for a receivership.

No question of law is involved. The claimant takes the position that the evidence does not justify the findings and rulings of the Master.

The claimant was the president and treasurer of the corporation and William S. Bell was secretary and was officer manager and accountant.

The company got into financial straits in 1929 and during that year and the subsequent years no commissions were computed or entered on the books nor was his regular salary drawn by the claimant. The unpaid amounts were not entered on the books as a liability of the corporation either in respect to salary or commissions. Parenthetically it may be said that it was customary up to 1929 to enter salary only when paid.

The income tax reports for 1929 and 1930 did not carry as liabilities any items of salary or commission due the claimant and the same is true of the balance sheets of those years. There is evidence that before the income tax returns were filed, they were examined by the claimant.

The crux of the case on waiver is found in the testimony of Bell. He

testified that at an informal meeting of three of the five directors of the company, of which the claimant was one, the financial situation was discussed and "we decided not to pay commissions." He further testified that in 1929 he was directed by the claimant not to compute or enter commissions and that he was instructed by the claimant not to make payment of his salary, but that he (Wachenheimer) would draw whatever money he absolutely needed from time to time.

The testimony of Bell was contradicted in part by the claimant, particularly in regard to the instructions given Bell as to the computation and entry of commissions.

The claimant admitted knowledge of the set up of the 1930 income tax return and he did not specifically deny the fact of the informal meeting of the three directors when it was decided not to pay commissions. His position is that he waived payment of commissions and salary but did not waive liability.

The findings and rulings of the Master are supported by the evidence.

The report of the Special Master is confirmed.

For complainant: Comstock & Canning.

For respondent: Messrs. Atwood, Remington, Thomas & Levy.

